United States Bankruptcy Court

Northern District of Ohio

Finger,
    Plaintiff

Andrews,
    Defendant

Adv. Proc. No. 25-01068-skk

# CERTIFICATE OF NOTICE

| District/off: 0647-1 | User: jlund | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Dec 19, 2025 | Form ID: pdf748 | Total Noticed: 9 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 21, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | Edward A. Proctor, Mills Mills Fiely and Lucas LLC, 101 Central Plaza, South, Suite 1200, Canton, OH 44702-1447 |
| pla | + | David Finger, 1107 Sheltered Brook, Huron, OH 44839-2824 |
| pla | + | Fred Cerny, 5481 State Road, Parma, OH 44134-1249 |
| pla | + | Jane Bickely, 128 Richland Avenue, Huron, OH 44839-1151 |
| pla | + | Joanne Berardi, 1107 Sheltered Brook, Huron, OH 44839-2824 |
| pla | + | Kenneth Spero, 2910 N. Firelands Blvd., Port Clinton, OH 43452-3030 |
| pla | + | Patrick McNea, 545 Adams Avenue, Huron, OH 44839-2505 |
| dft | + | Scott James Andrews, 18700 Rivers Edge Drive, Chagrin Falls, OH 44023-4954 |
| pla | + | Shawn Bickely, 128 Richland Avenue, Huron, OH 44839-1151 |

TOTAL: 9

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 21, 2025    Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 19, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Robert D. Barr | on behalf of Plaintiff Joanne Berardi rbarr@koehler.law syackly@koehler.law |
| Robert D. Barr | on behalf of Plaintiff Jane Bickely rbarr@koehler.law syackly@koehler.law |

Robert D. Barr
 on behalf of Plaintiff David Finger rbarr@koehler.law  syackly@koehler.law

Robert D. Barr
 on behalf of Plaintiff Fred Cerny rbarr@koehler.law  syackly@koehler.law

Robert D. Barr
 on behalf of Plaintiff Kenneth Spero rbarr@koehler.law  syackly@koehler.law

Robert D. Barr
 on behalf of Plaintiff Shawn Bickely rbarr@koehler.law  syackly@koehler.law

Robert D. Barr
 on behalf of Plaintiff Patrick McNea rbarr@koehler.law  syackly@koehler.law

TOTAL: 7

IT IS SO ORDERED.

Dated: 19 December, 2025 03:48 PM

Suzana Krstevski Koch
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SCOTT JAMES ANDREWS, | ) | Case No. 25-11744 |
| | ) | |
| Debtor | ) | Judge Suzana Krstevski Koch |
| | ) | |
| | ) | |
| DAVID FINGER, et al., | ) | Adversary Proceeding |
| | ) | No. 25-01068 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SCOTT JAMES ANDREWS, | ) | |
| | ) | |
| Defendant. | ) | |

## TRIAL ORDER

The Court held a Pre-Trial Conference in this matter on December 10, 2025. A further Pre-Trial Conference is set for **February 4, 2026 at 2:00 p.m.** This Pre-Trial Conference can be done via telephone if the parties reach out to Chambers' e-mail at least three days prior.

**IT IS ORDERED THAT:**

1. Deadline to file Motion for Relief From Stay. **December 30, 2025**.

2. Hearing Date.  This cause is scheduled for a Trial on **Thursday, February 4, 2027,  at 9:30 a.m. and continuing through Friday, February 5, 2027 at 9:30 a.m.** or as otherwise needed in the courtroom of the Honorable Suzana Krstevski Koch, Courtroom 2A, Howard M. Metzenbaum, United States Courthouse, 201 Superior Avenue, Cleveland, Ohio.

3. In Person.  Lead counsel and all parties in interest shall be present in person.

4. Initial Disclosures.  **December 15, 2025**

5. Join Additional Parties.  The parties shall have until **January 15, 2026** to join additional parties and/or to move to amend pleadings to add claims or defenses, including claims for exemplary damages.

6. Non-Expert Discovery.  Non-Expert Discovery shall be completed no later than **May 1, 2026** unless the Court extends the deadline for good cause shown.  This discovery cutoff is the last date for serving responses to discovery requests.  Discovery requests must be served sufficiently in advance of the deadline for responses to be made.

7. Expert Discovery.

    Expert report for the party with the burden of proof:  **June 1, 2026**

    Rebuttal expert report deadline: **August 1, 2026**

    Expert discovery cut-off deadline: **September 30, 2026**

8. Discovery Not Filed with the Clerk's Office.  Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, request for admissions, and answers and responses thereto shall not be filed with the Clerk's Office, except that discovery materials may be filed as evidence in support of a motion or for use at trial.

9. Discovery Disputes.  In the event there is a discovery dispute, parties must personally consult with one another and sincerely attempt to resolve any discovery dispute.  It shall be the responsibility of counsel for the party seeking discovery to initiate such personal

consultation. If the parties are unable to reach an accord, pursuant to Local Rule 7026-1, any motion to compel discovery, a motion for protective order, or another motion relating to disclosure or discovery, shall be accompanied by a supporting memorandum and affidavit reciting those matters which remain in dispute, and, the date, time, and place of the personal consultation, as well as the names of all parties participating therein. In the case of a failure to answer a question at a deposition (including a claimed evasive or incomplete answer), the required personal consultation may take place at the deposition at which the alleged failure to answer occurs. Responses in opposition to any motion filed pursuant to these procedures shall be filed within 7 days of the filing of any discovery dispute motion. Unless otherwise ordered by the Court, no discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than 14 days after the discovery cut-off. Federal Rule of Civil Procedure 37 is made applicable to proceedings in this Court by Federal Rule of Bankruptcy Procedure 7037.

10. <u>Stipulations</u>. At the end of discovery, the Court requires counsel to file jointly a list of all facts and legal conclusions that are not in dispute in this adversary proceeding that can be the subject of stipulations, including identifying all documents either party intends to introduce as an exhibit and to which the parties agree are authentic. These stipulations are due on or before **October 15, 2026**.

11. <u>Dispositive Motion Deadlines</u>.

   Dispositive Motion date: **October 15, 2026**

   Response date: **November 5, 2026**

   Optional Reply: **November 19, 2026**

12. <u>Deposition Designation</u>.

   a. Not later than **January 21, 2027**, the offering party shall serve a designation of

the portions of any depositions that the offering party expects to present at trial (other than solely for impeachment purposes), and the manner in which each of the depositions was recorded. A transcript of the pertinent portions of any deposition not stenographically recorded shall accompany the designation.

  b. Not later than **January 28, 2027**, other parties shall file and serve any objections to the use of the deposition under Rule 32(a) and/or to designate additional portions of any deposition appearing on the offering party's list. Failure to make a specific objection, except for one under Federal Rule of Evidence 402 or 403 is waived unless excused by the court for good cause.

  13. <u>Motions in Limine</u>. Motions in Limine and other motions relating to the conduct of the trial must be filed and served not later than **January 28, 2027**.

  14. <u>Witness Lists</u>. On or before **January 28, 2027**, counsel shall file with the Court, and exchange with each other, a list of all witnesses their clients intend to call at the evidentiary hearing. In addition to the full name and address of the witnesses, the parties shall provide a brief one or two-sentence synopsis of the testimony the witness is expected to offer. Example: "Testimony regarding loan balance." Or "Expert testimony regarding fair market value of real property." The parties shall also describe any special needs (i.e., primary language or disability) of a witness and suggest an appropriate accommodation.

  15. <u>Exhibits Exchanged Among Counsel</u>. On or before **January 28, 2027**, counsel shall exchange with each other exhibit lists and trial exhibits. Parties must complete the physical marking and numbering of all papers and objects that may be introduced as exhibits prior to the proceedings before the Court. Parties must also mark a copy, rather than the original document, unless there is good cause for offering an original record. Original documents offered must be noted accordingly. Upon request, a party must make the original version of the exhibits available

for inspection by the other parties.  **For extensive exhibits, each page should be sequentially Bates numbered.**

Exhibits are to be marked using the following protocol:

(i) Trustee is assigned number 1-99.
Exhibits must be marked: Trustee-1 or T-1, Trustee-2 or T-2, etc.

(ii) Debtor is assigned numbers 101-199.
Exhibits must be marked: Debtor-101 or D-101, Debtor-102 or D-102, etc.

(iii) Creditors must begin with number 201.  If there is more than one creditor involved in a hearing or trial, one creditor will be assigned 201-299, the next creditor will be assigned 301-399, etc.  Creditors must use an acronym or word that easily identifies the litigant.
Ex: USA-201 or IRS-201, Bank-301 or US Bank-301, Smith-401, ABC Co-501.

(iv) United State Trustee's exhibits must be marked alphabetically.
Exhibits must be marked: UST-A, UST-B, etc.

If exhibits exceed 99 for one or more parties, the parties must use decimals.  Parties must disclose and list all exhibits relating to an issue on which their client has the burden of proof or the burden of going forward with the evidence.  Documents to be used solely for rebuttal purposes or impeachment need not be numbered or listed until identified at the evidentiary hearing.  If a party fails to disclose or list an exhibit required by this Order or a procedural rule, the Court will refuse to admit it into evidence unless the party shows good cause for failing to disclose the exhibit.

16. <u>Exhibits Delivered and E-Mailed to Chambers</u>.  On or by **February 1, 2027**, the parties shall deliver three copies of their marked exhibits to the Court (originally-marked exhibits shall be offered at trial and forwarded to JudgeKochChambers@ohnb.uscourts.gov in Adobe Acrobat).  If a party intends to offer more than 15 exhibits, the copies of the exhibits delivered to the Court must be tabbed and bound in binders.

17. <u>Trial Brief</u>.  On or by **February 1, 2027**, the parties shall file and serve a trial brief.  The brief shall contain:

    (i) a general statement of the case;

    (ii) a list of the fact issues to be determined at trial with reference to the burden of proof and a short discussion of evidence to be offered, and proposed finding of fact which shall cite the particular witness(es) or exhibit(s) upon which each suggested finding is based;

    (iii) a list of the issues of law to be determined with citations to authority referencing the legal standard and the elements of any claims or affirmative defenses, and conclusion of law which shall cite legal authority;

    (iv) a summary of any non-monetary or monetary relief sought, including injunctive relief, determination of dischargeability, allowance of a claim, secured status, costs, fees, etc. and the basis of any relief sought;

    (v) an itemized statement of damages, in cases in which damages are relevant (if the parties agree on damages, they shall submit a stipulated statement of the damages; if the parties do not agree on damages, each party shall submit an itemized statement of damages); and

    (vi) a statement of any evidentiary or procedural problem expected to arise, with citations to authority.

18. <u>Failure To Comply</u>.  If a party fails to comply with the requirements of this Order, such failure may result in dismissal, default, sanctions, or other consequences the Court deems appropriate.

19. <u>Continuances</u>.  No party shall be granted a continuance of a trial or evidentiary hearing without first filing and serving a written motion stating the reason for the continuance.

**IT IS SO ORDERED.**

###

6

25-01068-skk    Doc 14    FILED 12/21/25    ENTERED 12/22/25 00:11:25    Page 8 of 8